UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRAVELERS INDEMNITY**
**COMPANY OF CONNECTICUT,**

        **Plaintiff,**

v.                                        Case No. 8:19-cv-466-T-30AAS

**OLD DOMINION INSURANCE**
**COMPANY,**

        **Defendant.**
_____/

<u>**ORDER**</u>

Travelers Indemnity Company of Connecticut (Travelers) moves to compel documents withheld as privileged by Old Dominion Insurance Company (Old Dominion) in response to Travelers's first request for production. (Doc. 45). For the reasons explained below, Travelers's motion to compel is **GRANTED-IN-PART** and **DENIED-IN-PART.**

**I.    BACKGROUND**

Travelers sues Old Dominion for equitable subjugation or, in the alternative, equitable contribution relating to Old Dominion's duty to indemnify Greg Carpenter Enterprises, Inc. (Carpenter) for claims brought against Carpenter in an underlying state court action. (Doc. 1). The plaintiff in the underlying state court action sued Carpenter for negligence in the performance of inherently dangerous work and negligently selected and retained the subcontractors who caused the accident. (*Id.* at ¶ 10).

1

Travelers and Old Dominion mutually insured Carpenter. (Doc. 45, p. 1). Travelers provided Carpenter with a Business Auto Policy. (Doc. 1, ¶¶ 13–14). Old Dominion provided Carpenter with a Businessowners Liability Policy. (*Id.* at ¶¶ 11–12).

Old Dominion provided Carpenter with a defense in the underlying state court action. (Doc. 45, p. 4). The plaintiff in the underlying state court action served a Proposal for Settlement to Carpenter. (Doc. 1, ¶ 15). Old Dominion did not accept the Proposal for Settlement. (Doc. 45, p. 5). Travelers accepted the Proposal for Settlement and paid $950,000 on behalf of Carpenter. (*Id.*).

Travelers served its requests for production on Old Dominion. (Doc. 45-1). Old Dominion responded and produced some documents but also objected based on work-product and attorney-client privilege. (Doc. 45-2). Old Dominion provided a privilege log of the withheld documents. (*Id.*). Travelers now seeks to overrule Old Dominion's objections and compel Old Dominion to produce documents response to Travelers's request for production. (Doc. 45, p. 2). Old Dominion opposes. (Doc. 48).

II.     ANALYSIS

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery allows for the "open disclosure of all potentially relevant information." *Burns v. Thikol Chemical Corp.*, 483 F.2d 300, 307 (5th Cir.

1973).¹ "The term 'relevant' is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case.'" *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005) (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)).

Travelers asserts it wants only information about how Old Dominion evaluated and defended the underlying state court action. (Doc. 45, p. 8). Travelers argues Old Dominion does not meet the burden to establish the work-product and attorney-client privileges apply. (*Id.*). Old Dominion identified three categories of documents that Old Dominion asserted were privileged and not discoverable. (Doc. 48, p. 4). Those categories are: (1) correspondence between Old Dominion and Attorney Reed Grimm; (2) correspondence between Old Dominion and Attorney Joseph Metzger; and (3) Old Dominion's underlying claim materials. (*Id.* at pp. 5–12). Travelers agrees that the correspondence between Old Dominion and Attorney Reed Grimm is privileged. (Doc. 49, ¶ 4). But Travelers still requests the court to compel Old Dominion to produce documents in the remaining two categories. (*Id.* at pp. 3–6).

### A. Correspondence between Old Dominion and Attorney Joseph Metzger

Travelers argues Old Dominion cannot raise the attorney-client privilege because when the insurer and the insured have common interests, the attorney-client privilege does not attach to the communications. (Doc. 45, p. 9). Travelers states

---

¹ In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all prior decisions of the Fifth Circuit.

3

Carpenter assigned its rights and benefits, including waiver of the attorney-client privilege, to Travelers. (Doc. 47-1). Old Dominion argues the attorney-client privilege applies to documents between Old Dominion and Attorney Metzger because there is a tripartite relationship between the insurer, the insured, and the lawyer hired to defend the insured. (Doc. 48, p. 8). Old Dominion asserts even though Carpenter has waived attorney-client privilege, Old Dominion has not. (*Id.* at p. 9). In reply, Travelers argues there is insufficient proof that a tripartite relationship existed between Old Dominion, Attorney Metzger, and Carpenter. (Doc. 49, pp. 3–4). Travelers asserts neither Attorney Metzger nor Old Dominion can assert the attorney-client privilege to shield the documents from Carpenter, who assigned its rights to Travelers. (*Id.* at p. 4).

The attorney-client privilege is a matter of substantive law governed by state law in federal diversity cases. *Bradt v. Smith*, 634 F.2d 796 (5th Cir. 1981). Under Florida law, "a client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client." Fla. Stat. § 90.502(2). The privilege applies to "confidential communications made in the rendition of legal services to the client." *S. Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1380 (Fla. 1994) (citing Fla. Stat. § 90.502). The burden of establishing the attorney-client privilege rests on the party claiming it. *See, e.g.*, *Deason*, 632 So. 2d at 1383.

"The attorney-client privilege does not generally attach as to communications

4

between an insurer, the insured, and the attorney hired to represent the insured in a third-party claim because these parties agreed to a representation of common interests." *Progressive Exp. Ins. Co. v. Scoma*, 975 So. 2d 461, 466–67 (Fla. 2d DCA 2007) (citing Fla. Stat. § 90.502(4)(e)). Thus, no party can claim the privilege against another party in the tripartite relationship. *Id.* at 467. However, "the confidential communications between the insured, the insurer, and any counsel representing them regarding the matter of common interest are protected by the attorney-client privilege from discovery *by third parties.*" *Id.* (emphasis added).

Here, a tripartite relationship exists between Attorney Metzger, Old Dominion, and Carpenter because the parties agreed to a representation of common interests. Even though no one in the relationship could claim the privilege to shield communications from another party within the tripartite relationship, any of the three in the relationship could claim privilege against a third party. Although Travelers was not part of the original relationship, Travelers, under these facts, is not a third party seeking the confidential communications. Rather, Carpenter executed an "Assignment of Benefits and Rights" to Travelers. (Doc. 47-1). Because Travelers is Carpenter's successor in interest, there is no privilege for communication on matters of common interest made as part of the tripartite relationship of Carpenter, Old Dominion, and Attorney Metzger. *See* Fla. Stat. § 90.502(4)(e); *Ford v. Gov't Employees Ins. Co.*, Case No. 1:14cv180-MW/GRJ, 2015 WL 11109371, at *2 (N.D. Fla. Sept. 17, 2015) (explaining no privilege exists in representation on matters of common interest even if an original party assigns their rights to outside third-

party).

Thus, Old Dominion's attorney-client privilege objections to the production of correspondence between Old Dominion and Attorney Metzger are overruled. Old Dominion must produce those withheld documents.

### B. Old Dominion's Underlying Claim Materials

Travelers argues Old Dominion's underlying claim materials are not protected by work-product privilege. (Doc. 45, p. 10). Travelers asserts its equitable subjugation claims is equivalent to a bad faith claim, and in bad faith claims, the insurer's claim file is discoverable. (*Id.* at pp. 10–11). Old Dominion argues an insurer's claim file is protected because it was prepared in anticipation of litigation and this is not a bad faith claim. (Doc. 48, pp. 9–11). Travelers argues there is a substantial need for Old Dominion's claim file because Travelers is unable to obtain evidence about Old Dominion's reasoning for not settling the underlying state court action from any other source. (Doc. 49, p. 6).

While Federal Rule of Evidence Rule 501 provides that a state's law of privilege governs in federal diversity cases, the work-product doctrine is a limitation on discovery in federal cases and thus federal law provides the primary decisional framework. *Kemm v. Allstate Property and Cas. Ins. Co.*, Case No. 8:08-cv-299-T-30EAJ, 2009 WL 1954146, at *2 (M.D. Fla. July 7, 2009); *but see Cozort v. State Farm Mut. Auto. Ins. Co.*, 233 F.R.D. 674, 676 (M.D. Fla. 2006) (applying Florida law in determining whether the work-product doctrine shielded documents from discovery

in a bad-faith action).²

Federal Rule of Civil Procedure 26(b)(3)(A) governs the application of the work-product protection, and states:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Rule 26(b)(3) further provides that if the court orders discovery of the material described above, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The party asserting work-product protection bears the initial burden of proving that the requested materials are protected work product. *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d 1332, 1336-37 (M.D. Fla. 2007). If the work-product doctrine applies to the materials being sought, then the moving party must show that the materials are discoverable under Rule 26(b)(1), there is a substantial need for the materials to prepare its case, and that it cannot, without undue hardship, obtain the substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A).

---

² Although the *Cozort* court performed an alternative analysis, it yielded the same result. *Cozort*, 233 F.R.D. at 676.

Travelers is correct that an insurance claim file is discoverable when bad faith is alleged. *See Allstate Indem. Co. v. Ruiz*, 899 So.2d 1121, 1128–29 (Fla. 2005). But Travelers does not assert a bad faith claim against Old Dominion; rather, Travelers asserts a claim of equitable subjugation. Thus, the work-product doctrine applies to Old Dominion's claim file. *See Federated Nat'l Ins. Co. v. Maryland Casualty Co.*, Case No. 8:12-CV-1286-T-30EAJ, 2013 WL 12170303, at *2 (M.D. Fla. May 31, 2013).

Because the work-product doctrine applies, the burden then shifts to Travelers to show the claim file is relevant, there is substantial need for Old Dominion's claim file, and Travelers cannot obtain the information by other means without undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A). "While federal law provides the framework for assessing the applicability of the work product doctrine and whether it has been overcome in a diversity case, state law nevertheless remains instructive in determining whether there is a substantial need for materials otherwise protected by the privilege." *Hallmark Ins. Co. v. Maxum Casualty Ins. Co.*, Case No. 6:16-cv-2063-Orl-37GJK, 2017 WL 3730376, at *3 (M.D. Fla. Aug. 14, 2017). State law offers direction on what evidence "would be essential in proving the elements of a state cause of action or defending against a state cause of action." *Id.*

Travelers's arguments focus on Old Dominion's alleged failed attempt to settle the underlying state court action in good faith. Travelers sues Old Dominion for equitable subjugation and equitable indemnity but not on a bad faith claim.[3] A bad

---

[3] To prevail on a bad faith claim, the plaintiff must show "the insurer breached its duty to its insured by failing to properly or promptly defend the claim (which may encompass its failure to make a good faith offer of settlement within the policy

8

faith claim differs from an equitable subjugation claim. To prevail on an equitable subjugation claim, the plaintiff must show "(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party." *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 646 (Fla. 1999).

Assuming, without deciding, Old Dominion's claim file is relevant, Travelers fails to meet its burden of substantial need and undue hardship. Travelers states it "has a substantial need for the information in Old Dominion's claim file . . . and it cannot without undue hardship obtain its substantial equivalent by other means." (Doc. 49, p. 6). Travelers's self-serving statement—a conclusory statement reiterating the standard without specific facts—is not enough to show any substantial need and undue hardship. Travelers also states it "is unable to obtain evidence regarding Old Dominion's reasoning for failing . . . to settle the Underlying action when it should have done so from any other source." (*Id.*). Travelers's conclusory assertion does not address what other avenues, such as interrogatories or Rule 30(b)(6) depositions, it pursued to obtain the "substantial equivalent" information. *See* Fed. R. Civ. P. 26(b)(3)(A).

Without explaining what other attempts Travelers made, why those attempts are insufficient, or what hardships Travelers faced, Travelers cannot establish that

---

limits)—all of which results in the insured being exposed to an excess judgment." *Kelly v. Williams*, 411 So. 2d 902, 904 (Fla. 2d DCA 1984).

it has a substantial need and undue hardship to obtain the "substantial equivalent" information of Old Dominion's claim file from another source. *See Centennial Bank v. ServisFirst Bank Inc.*, Case No. 8:16-cv-88-T-36JSS, 2019 WL 10375478 (M.D. Fla. Mar. 26, 2019) (explaining substantial need is not established by providing conclusory assertions that do not explain what other discovery was sought or why that other discovery was insufficient). Thus, Old Dominion's objections based on work-product are sustained. Old Dominion does not have to produce its claim file related to the underlying state court action.

### III. CONCLUSION

Travelers's motion to compel (Doc. 45) is **GRANTED in part and DENIED in part:**

1. Old Dominion's attorney-client privilege objections to communications between Carpenter, Old Dominion, and Attorney Metzger are **OVERRULED**. Old Dominion must produce the withheld communications by **October 16, 2020**.

2. Old Dominion's work-product objections to producing claim file material are **SUSTAINED**.

**ORDERED** in Tampa, Florida on September 24, 2020.

AMANDA ARNOLD SANSONE
United States Magistrate Judge